CHANCERY.                 Adair and wife *vs* Smith, *et al.*

*Case* 96.                  ERROR TO THE BUTLER CIRCUIT.

                        *Deeds of gift.   Remainders.*

*June 5.*      CHIEF JUSTICE EWING delivered the opinion of the Court.

                 WE are satisfied that the deed of gift from Abraham
Deeds of gift,   Reese, Sr. to Abraham Reese, Jr. and Robert Reese,
&c. were prop-   was duly and properly recorded, and upon proper ac-
erly acknowl-
edged or proved  knowledgment, in the Circuit Court office.   At the time
in the offices of
the Clerks of    when the deed in question was acknowledged, 1803, all
Circuit Courts
in 1803, under   deeds were properly recordable in the Circuit Court office.
the statute of
1802.            By the statute of 1795, (1 *Stat. Laws,* 436.)  it is provi-
ded that *all deeds and other writings* may be recorded in
the office of any District Court, and the Clerks of the

District Courts are authorized to take the acknowledgment or proof of such deeds out of Court. And though the statute of 1798, (2 *Stat. Laws,* 1480,) provides that "no gift or gifts of any slave or slaves, shall be good or sufficient to pass any estate in such slave or slaves, to any person or persons whatsoever, unless the same be made by will duly proved and recorded, or by deed in writing, to be proved by two witnesses at least, or acknowledged by the donor and recorded in the County Court or Court of Quarter Sessions where one of the parties lives, or in the District Court or Court of Appeals, within eight months after the date of such deed or writing," and said statute was subsequent to the statute of 1795, before cited ; yet we are induced to the opinion that the *place* of *receiving* the *proof or acknowledgment,* was not intended to be restricted to the *Courts* designated, or to be made *in open Court* nor was the powers of the Clerks to receive the proof or acknowledgment out of Court, under and according to the existing laws, intended to be restricted; but as to the place of receiving the proof &c., and the power of the Clerks to receive the same, it was intended to be regulated by the existing laws, and the designation of the *Courts* in which the record was to be made, was intended and should be construed as intended as a designation of the *offices* in which the record should be made. It can hardly be believed that the Legislature, in providing for the recording of the deed in this particular case, should require the same to be *recorded in open Court*; yet such would be the import of the terms used, if by the Courts is not meant the *offices* of the Courts. If the *offices* of the Courts are meant as the places for recording, so 'the offices of the Courts may be equally meant as the places for making the proof, &c., and if so, there being no mode pointed out specifically by which the proof or acknowledgment is to be taken, or officer to take it, that officer and that mode provided by the previously enacted laws for taking the proof or acknowledgment of all deeds, must have been looked to and intended by the Legislature. And not only by the statute of 1795, supra, was the District Court Clerks authorized to take the proof or acknowledgment in their

ADAIR AND WIFE
*vs*
SMITH, *et al.*

offices, but by subsequent statutes, were the Clerks of all the Courts designated as the places for recording a deed of gift for slaves, authorized to take the proof or acknowledgment of *all deeds or other writings*, proper to be recorded, at their offices. And the statute of 1802, by which the Circuit Courts were established, looking to the same mode of proof, provides that "the Clerks of the Circuit Courts shall have the same power to receive the proof, &c. of deeds, as the Clerks of the District Courts now have," &c. We understand this power as extending to *all deeds* which are recorded in the offices of the Circuit Courts.

A title in remainder in slaves, carries with it the right to the issue of slaves thus held, and becomes absolute on the death of the tenant for life.

The deed of gift in the case before us, being properly recorded, the title passed to the donees, subject to the life estate of their mother, and a gift in remainder of the mothers carried with them in remainder, their issue. The decree of the Circuit Court, as to the slaves as well as their hire, since the death of Mrs. Reese, must, therefore, be sustained; and though distribution of the personalty is sought in Adair's bill, Smith ¿and wife deny that Mrs. Reese died possessed of any personalty, and charge in their answer, which they make a cross bill, that Mrs. Reese had, by deed of gift duly recorded, given to Mrs. Smith and Jacob Reese, all her personalty, and had no estate, and there is no evidence that she died possessed of any, either of her deceased husband or of her own.

The decree of the Circuit Court is, therefore, affirmed. *Goodloe* for plaintiffs: *B. & A. Monroe* for defendants.

